UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVAN GRAVES,

    Plaintiff,

v.                                        Case No. 8:20-cv-2241-T-02AEP

PINELLAS COUNTY JAIL, *et al.*,

    Defendants.
_____/

**ORDER**

The Court has for its consideration Mr. Graves' civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court has undertaken a preliminary screening of the complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that the complaint must be dismissed with leave to amend.

Mr. Graves is a pretrial detainee at Pinellas County Jail (PCJ). He names five defendants in this case: 1) the PCJ; 2) the law library at the PCJ; 3) Bob Gualtieri, the Sheriff of Pinellas County; 4) Captain Nobles; and 5) Sergeant Leach. These Defendants, according to the complaint, have violated Mr. Graves' rights under the First and Fourteenth Amendments to the United States Constitution by depriving him an effective prison grievance procedure and access to the courts. As relief, Mr. Graves seeks $100,000.00 (*See* Doc. 1, docket p. 7).

**DISCUSSION**

**I. Defendants PCJ and Law Library at PCJ must be dismissed**

The PCJ and its law library are not legal entities subject to suit. *See, e.g., Monroe v. Jail*, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes) ("Florida law does not

1

recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control."); *Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law"). Accordingly, the claims against PCJ and its law library will be dismissed from this case with prejudice.

## II. Claim challenging PCJ's grievance system must be dismissed

Mr. Graves contends that PCJ's prisoner grievance system is inadequate and therefore violates his right to petition the government for a redress of grievances under the First Amendment, and his right to due process under the Fourteenth Amendment. To the extent Mr. Graves alleges that he was denied due process, he fails to state a claim upon which relief may be granted because he has no "constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437 (11th Cir. 2007). Accordingly, his due process claim will be dismissed with prejudice.

Mr. Graves' First Amendment violation claim likewise will be dismissed with prejudice. His allegations that the grievance procedure at PCJ is inadequate fails to state a claim upon which relief may be granted because he has no constitutional right to an effective grievance procedure. *See Flowers v. Tate*, 925 F.2d 1463 (6th Cir. 1991) (holding that a prisoner "does not have a constitutional right to an effective grievance procedure."); *McCray v. Mallory*, 931 F.2d 54 (4th Cir. 1991) (holding a plaintiff's claim regarding insufficiency of inmate grievance procedure to be "frivolous" because such a procedure is "not constitutionally required."); *Langbehn v. Henderson*, 2007 WL 30602, at *2 (N.D. Ga. Jan. 2, 2007) ("A jail may elect to provide a grievance mechanism, but violations of its procedures do not deprive prisoners of federal constitutional rights.") (citations omitted).

## III. Claim alleging denial of access to the courts must be dismissed without prejudice

In Claims II and III of the complaint, Plaintiff alleges denial of access to the courts in violation of

2

his rights under the First Amendment (Doc. 1, docket p. 10). Prisoners have a constitutional right to access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998) (citing *Bounds v. Smith*, 430 U.S. 817, 828, (1977)). However, a plaintiff raising a denial of access-to-court claim "must show actual injury before seeking relief." *Id.*, 163 F.3d at 1290. "An inmate may establish an actual injury by demonstrating that officials have frustrated or impeded his efforts to pursue a nonfrivolous claim." *Miller v. Sheriff*, 550 F. App'x 722, 724 (11th Cir. 2013) (unpublished) (citing *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006)). Moreover, "[a] prisoner plaintiff alleging a violation of his right of access to the courts 'must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement.'" *Moulds v. Bullard*, 345 F. App'x 387, 394 (11th Cir.2009) (unpublished) (quoting *Wilson*, 163 F.3d at 1290).

The complaint does not allege sufficient facts indicating that Mr. Graves has sustained actual injury. Although Mr. Graves alleges that at PCJ the law library is inadequate, and he was denied access to a notary and a telephone to communicate with investigators, he has not alleged adequate facts showing that these deficiencies "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Therefore, he has failed to state a claim for a denial of access to the courts. Accordingly, the claim will be dismissed without prejudice.

**IV. Plaintiff's claim for monetary damages is subject to dismissal**

The only relief Mr. Graves clearly requests in his complaint is $100,000.00 (Doc. 1, docket p. 7). This relief is unavailable to Mr. Graves under the allegations in the complaint. The Prison Litigation Reform Act applies to pretrial detainees and provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." 42 U.S.C. § 1997e(e), (h). Therefore,

"an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015).

Because Mr. Graves was detained at PCJ when his complaint was filed, and he is requesting damages for constitutional injury without a prior showing of physical injury, the Court has the authority to dismiss the complaint without prejudice. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Accordingly:

1. Mr. Graves complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

2. Mr. Graves has thirty (30) days from the date of this Order to file an amended complaint to cure the deficiencies outlined above. The Clerk of Court must mail Mr. Graves a court approved form to use for filing an amended complaint. If Mr. Graves fails to use the court approved form, the Court may strike the amended complaint and dismiss this action without further notice.

Mr. Graves must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court approved form and may not incorporate any part of the original complaint by reference. The amended complaint will supersede the original complaint, and all claims must be raised in the amended complaint.

Mr. Graves must limit the allegations in the amended complaint to claims related to the same basic incident or issues as raised in the original complaint, and name as Defendants only those persons who are responsible for the alleged violations. He must place Defendants' names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, he should clearly describe how each named

4

Defendant is involved in each alleged violation, alleging the claims in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," he must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, he shall identify the form of relief he seeks from this Court. **If Mr. Graves fails to file an amended complaint within 30 days, this action will be dismissed without further notice**.

      3. The Clerk of Court is directed to mail a court approved form for filing a civil rights complaint with Mr. Graves' copy of this Order. This case number should be written on the form.

      **DONE AND ORDERED** in Tampa, Florida, on October 27, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Devan Graves, *pro se*