UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVAN GRAVES,

    Plaintiff,

v.                                        Case No. 8:20-cv-2241-WFJ-AEP

BOB GUALTIERI, et al.,

    Defendants.
_____/

## ORDER

Plaintiff is a pretrial detainee currently confined at the Pinellas County Jail ("PCJ"), Clearwater, Florida. He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Subsequently, he filed an amended complaint (Doc. 13). The amended complaint appears to name sixteen prison officials as defendants in this action and alleges several different causes of action challenging the conditions of Mr. Graves' confinement.

## DISCUSSION

Fed.R.Civ.P., Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third party claim may join, as independent or alternative claims, as many claims as it has against an opposing party. However, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits,

1

not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees for the Prison Litigation Reform Act ["PLRA"] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (alterations in original).

The instant amended complaint does not raise multiple claims against a single party. Rather, it raises numerous claims, some if not all of which are unrelated, and none of which pertains to all defendants. The claims throughout the amended complaint are factually and legally distinct from one another. For example, Plaintiff raises an excessive use of force claim against Officer Miller, an unrelated retaliation claim against Officer Hancock, an unrelated failure to protect claim against Officer Wale, and an unrelated claim of denial of access to the prison grievance procedure against Sgt. Franjesevic and Captain Nobles.

The amended complaint includes misjoined parties and claims and offers Mr. Graves a way around both the fee payment and the three-strike bar. Mr. Graves may not circumvent the PLRA's objective of deterring frivolous prisoner complaints by presenting these multiple unrelated claims against multiple defendants in one action.

Accordingly:

1. The amended complaint (Doc. 13) is **DISMISSED**. The dismissal is without prejudice to Mr. Graves filing a second amended complaint within thirty (30) days from the date of this Order that does not improperly join parties and unrelated claims in a single cause

2

of action. If Mr. Graves chooses to file a second amended complaint, he must identify it as the "second amended complaint." The second amended complaint will supersede and replace the original complaint and amended complaint in their entirety. Failure to timely comply with this Order will result in dismissal of this action without prejudice.

2. The Clerk of Court is directed to mail a court approved form for filing a civil rights complaint with Mr. Graves' copy of this Order.

**ORDERED** in Tampa, Florida, on June 10, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Devan Graves, *pro se*